GEORGE L. PRATT et al., Respondents, *v.* STATE OF NEW
YORK, Appellant.

    (Submitted November 20, 1916; decided December 5, 1916.)

MOTION for re-argument.  (See 219 N. Y. 554.)

*Per Curiam.*  The grounds upon which the re-argu-
ment is asked are as follows:

That the court overlooked the fact that while claimants'
title to or interest in the Battle Island state dam and in
or to the use of the water of the Oswego river rose out of
and was fixed and established by the canal appraisers'
award of September 25, 1869 (Exhibit 40-A), when the
crest elevation of the Battle Island dam was 307.22 barge

canal datum, the judgment appealed from allowed claimants the value of the use of one-half of the surplus water of the river " as developed at the time of the filing and service of said appropriation maps," to wit, as of May, 1911, when the crest of the dam was at elevation 308.5 barge canal datum. In other words, that subsequent to the making of the canal appraisers' award of 1869, to wit, in 1904, the state, for the purpose of improving the naviga-'tion of the Oswego river raised the crest of this state canal dam 15 inches (from 307.22 to 308.5 barge canal datum); and the judgment appealed from awards claimant the value of the use of one-half of the surplus water of the river with the crest of the dam at the latter, instead of at the former elevation.

It is contended that the Board of Claims adopted an erroneous basis of valuation. The board finds (XXXI, p. 985) that the claimants owned the Van Buren mill and power as developed by the Van Buren dam. It also concludes (VI, p. 999) that claimants are entitled to the value of their property including the value of the use of the flow of the water *as developed in 1911*, and makes its award accordingly. It appears (XLVIII, p. 993) that the Van Buren dam had in 1867 an elevation of 307.22 feet and that in 1904 the crest of the dam was raised by the state 1.28 feet to an elevation of 308.5, and that the water power thus developed is what has been appropriated by the state. There is no finding of fact that the claimants are entitled to the use of the flow of the water as developed in 1911. In his opinion Judge HAIGHT says (fol. 4691): " The new (1867) dam so constructed by the State was about sixteen inches higher than the old (1828) dam, thus raising the water level." His award might seem to be based on this theory but the findings are that the 1828 dam and the 1867 dam were of the same elevation (LXVII, p. 993). The facts as found show a property right in a water power developed by the 1867 dam but the award is based on a water power developed by the 1904 dam. The evidence makes reference to flash boards which raised the 1867 dam 16 inches above its crest

but they are not referred to in the findings. There is no finding of fact that the claimants were the owners of any additional water power created by raising the crest of the dam in 1904.

The award may be sustained by reference to the evidence as to the flash boards by which the 1867 dam was raised 16 inches so that while the crest of the dam was raised in 1904 the flow remained the same as in 1867. It seems that this was the theory upon which the case was tried. The appellant's brief (p. 87) states that "there is no evidence whatsoever from which the value of the use of this water under the head which existed from 1867 to 1904 could be determined. The only evidence offered by *either claimants or the State* was as to the value of the water power under the head as it existed at the time of the appropriation in 1911." It is too late for the state, having gone through the trial without raising the objection, to make the point that the limit of the recovery is the value of the use of one-half of the surplus water employed under the head available in 1867, without the flash boards.

This question was considered carefully on the determination of the appeal. The motion should, therefore, be denied, with ten dollars costs.

All concur.

Motion denied.